# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0570V

|  |  |
|---|---|
| HAILEY MILLER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2023 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 11, 2021 Hailey Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration after receiving an influenza vaccine on September 23, 2019. Petition, ECF No. 1. On June 14, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,328.40 (representing $26,863.40 in attorney's fees, and $465.00 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 31, 2023, ECF No. 38. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 3.

Respondent reacted to the motion on August 11, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 39. Petitioner filed a reply on August 18, 2023, requesting an award of fees and costs as indicated in Petitioner's Motion. ECF No. 40.

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Fees requests must include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Jonathan Svitak | $280 | $310 | $350 | $380 |
| Patrick Anderson | $315 | $365 | $415 | X |

The hourly rates requested for Mr. Svitak for his time billed in the 2020-23 timeframe are reasonable and consistent with prior determinations, and shall therefore be awarded herein. The rates requested for Mr. Patrick Anderson, however, require adjustment.

Mr. Anderson has been a licensed attorney since 2011 (ECF No. 38-2), placing him in the range of attorneys with eight to ten years' experience for time billed in 2020-21, and for time billed in 2022 in the rage of attorneys with eleven years' experience, based on the OSM Attorneys' Hourly Rate Fee Schedules.[3] Although the requested rates are within the appropriate experience ranges, Mr. Anderson does not have demonstrated Vaccine Act experience, as he began practicing before the Court of Federal Claims in 2020. ECF No. 38-2. It is therefore improper for him to be compensated at rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to compensate Mr. Anderson at the lesser rate of **$315 per hour for all time billed in the 2020-22 timeframe**. This reduces the amount

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

of fees to be awarded by **$2,315.00**.[4] Mr. Anderson will be entitled to rate increases in the future (for coming years), however, as he demonstrates more experience in Vaccine Program cases. Otherwise, all time billed to the matter was reasonably-generated and will be awarded.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$25,013.40 (representing $24,548.40 in attorney's fees and $465.00 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[4] This amount consists of ($415 - $315 = $100 x 11.40 hrs = $1,140.00) + ($365 - $315 = $50 x 23.50 hrs = $1,175.00) = $2,315.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.